# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-112V

Filed: June 12, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| RILEY TRUTTMAN, | * | |
| | * | Dismissal; Human papillomavirus |
| Petitioner, | * | ("HPV") Vaccine; Alopecia; |
| | * | Failure to Prosecute; Failure to |
| v. | * | Follow Court Orders |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Richard Gage, Esq.,* Richard Gage, P.C., Cheyenne, WY for petitioner.
*Kyle Pozza, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On January 22, 2019 petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she received a human papillomavirus ("HPV") vaccination on April 25, 2016, and thereafter suffered from alopecia. *See* Petition, ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On July 23, 2019 an order was entered requiring petitioner to file an expert report by October 21, 2019. *See* Non-PDF Order, issued July 23, 2019.

Petitioner subsequently filed Motions for Extension of Time on October 21, 2019; November 22, 2019; January 27, 2020; and February 26, 2020, all of which were granted. *See* ECF No. 20; Non-PDF Order, issued Oct. 22, 2019; ECF No. 21, Non-PDF Order, issued Nov. 22, 2019; ECF No. 22; Non-PDF Order, issued Jan. 27, 2020; ECF No. 23; Non-PDF Order, issued Feb. 27, 2020.

Petitioner filed a fifth Motion for Extension of Time on April 14, 2020, requesting until May 13, 2020 to file an expert report. ECF No. 25. This Motion was granted but petitioner was advised that no further extensions of time would be granted. ECF No. 26.

Petitioner failed to file her expert report or other filing with the Court by the Court-ordered deadline of May 13, 2020. My law clerk emailed petitioner's counsel about this missed deadline and did not receive a response. An email sent to counsel in an unrelated matter was responded to.

An Order to Show cause was issued on May 26, 2020, requiring petitioner to either file an expert report or otherwise show cause as to why her claim should not be dismissed by June 9, 2020. *See* ECF No. 27. Petitioner did not respond to the Order to Show Cause. Petitioner's counsel was contacted via e-mail by my law clerk; counsel advised that petitioner would not be filing an expert report and petitioner had not given her counsel permission to file a response to the Order to Show Cause.

Special masters may dismiss a petition where the petitioner fails to follow Court orders. *See Hayman v. Sec'y of Health & Human Servs.*, No. 02-725, – Fed. Cl. – (May 9, 2005) (Finding that it was not an abuse of discretion for the special master to dismiss a petition for failure to prosecute where the petitioner failed to respond to an Order to Show Cause); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439, 441 (1992), *aff'd per curiam,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503, 504 (1996); Vaccine Rule 21(b). The petitioner in the instant matter has failed to comply with Court orders in a timely manner, despite multiple reminders from my law clerks. **This case is dismissed for failure to prosecute and failure to follow Court orders. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master